UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMAS VELO PEREZ, | ) | 1:09-cv-00308-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS (Doc. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| J. SUGRUE, Warden., | ) | ENTER JUDGMENT AND CLOSE CASE |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Doc. 3).

**PROCEDURAL HISTORY**

On February 19, 2009, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that he is presently incarcerated at the California City Correctional Center, California City, California, in the custody of the Bureau of Prisons ("BOP"), for a conviction in the United States District Court for the Northern District of California on May 23, 2007, and that he is serving a 108 month sentence for conspiracy to distribute methamphetamine. (Doc. 1, p. 2). In the petition, Petitioner contends that he has been denied equal protection by virtue of federal immigration detainers placed against him that have precluded him from minimum security confinement, drug programs, and pre-release custody. (Id. at p. 3). As a citizen of Mexico now

1

subject to said detainers, Petitioner contends that the disparate treatment of aliens is unconstitutional. Petitioner requests relief in the form of a reduced sentence. (Id. at p. 11).

As indicated more fully below, the Court determines that, to the extent that Petitioner's claim is for a reduced sentence, he is challenging his original sentence, and therefore the claim should have been brought in the sentencing court as a motion pursuant to 28 U.S.C. § 2255. To the extent that Petitioner's claim is simply an equal protection claim regarding how the BOP has conditioned the execution of his sentence, this claim should be summarily rejected on the merits. Thus, the Court will dismiss the petition.

## DISCUSSION

### A. If Petitioner is Challenging His Sentence, He must Do So With Motion Under 28 U.S.C. § 2255

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

///

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Petitioner specifically frames his claim to challenge his sentence by arguing that the sentencing court failed to take into consideration as a mitigating factor Petitioner's status as a removable alien. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241. Although Petitioner has filed his petition on a form indicating it is pursuant to § 2241, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

The Ninth Circuit has also provided little guidance on what actually constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

///

In his petition, Petitioner has not alleged that § 2255 is inadequate and ineffective. Petitioner makes no claim that he is either factually innocent or that he has not has an "unobstructed procedural shot" at presenting his arguments in the District Court for the Northern District of California. While Petitioner has alleged that he has previously attempted to file a motion pursuant to § 2255 in that Court, and that such a motion was denied, he has not made any other allegations regarding that motion that would lead this Court to conclude that § 2255 is either inadequate or ineffective.

Therefore, to the extent that the petition challenges his sentence, the petition should be dismissed on the grounds that no relief under § 2241 can be afforded.

### B. To The Extent That The Petition Challenges The Execution Of Petitioner's Sentence, The Claim Fails On Its Merits

To the extent that Petitioner is challenging the execution of his sentence on equal protection grounds, i.e., that as a removable alien, he is being denied that same opportunities and programs as inmates who are not removable aliens, such a claim must be summarily dismissed on its merits. Petitioner's allegation that he is being denied the same opportunities as other inmates due his status as a removable alien in violation of equal protection fails on the merits. In <u>McLean v. Crabtree</u>, 173 F.3d 1176, 1183-84, 1185-86 (9th Cir.1999), *cert. denied,* 120 S.Ct. 814 (2000), the Ninth Circuit held that the denial of such benefits to removable aliens with immigration detainers does not violate the Constitution as this exclusion is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." <u>McLean v. Crabtree</u>, 173 F.3d 1176, 1186 (9th Cir.1999)(holding that the Bureau of Prisons did not violate the defendants' statutory and constitutional rights when it denied their requests for an 18 U.S.C. §3621(e)(2)(B) sentence reduction on the basis of an Immigration and Naturalization Service detainer lodged against them); see <u>Soto v. Gilkey</u>, 2006 WL 2013584, *2 (E.D. Cal. July 17, 2006)(following <u>McLean</u>); <u>U.S. v. Madrigal-Madrigal</u>, 2005 WL 2271930, *1 (E.D. Cal. Sept. 14, 2005)(same);

Thus, to the extent that the petition can be construed as a challenge to the execution of his sentence based on disparate treatment, it must be summarily denied on the merits.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED insofar as it challenges Petitioner's sentence, and summarily DENIED insofar as it raises an equal protection challenge based on disparate treatment of removable aliens by the BOP; and

2. The Clerk of Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated: **April 1, 2009**          /s/ Theresa A. Goldner
UNITED STATES MAGISTRATE JUDGE